IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | |
|---|---|
| DAROLD PALMORE, <br><br> Plaintiff, <br><br> vs. <br><br> CLARION UNIVERSITY OF PENNSYLVANIA, CLARION UNIVERSITY POLICE DEPARTMENT, CLARION COUNTY DISTRICT ATTORNEY, KAREN WHITNEY, CLARION UNIVERSITY PRESIDENT; MATTHEW SHAFFER, COORDINATOR OF JUDICIAL AFFAIRS AND RESIDENCE LIFE; SHANE WHITE, CORPORAL OF CLARION UNIVERSITY POLICE DEPARTMENT; AND DREW WELSH, CLARION COUNTY DISTRICT ATTORNEY; <br><br> Defendants, | 3:21-CV-00106-CRE |

### MEMORANDUM OPINION[1]

CYNTHIA REED EDDY, United States Magistrate Judge.

### I.   INTRODUCTION

This civil action was initiated *in forma pauperis* on June 14, 2021 by pro se Plaintiff Darold Palmore against Defendants Clarion University of Pennsylvania ("Clarion University"), Clarion University Police Department ("Clarion University PD"), Clarion County District Attorney, Clarion University President Karen Whitney ("President Whitney"), Clarion University Coordinator of Judicial Affairs and Residence Life Matthew Shaffer ("Coordinator Shaffer"),

---

[1]   All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

Corporal of Clarion University Police Department Shane White ("Corporal White"), and Clarion County District Attorney Drew Welsh ("DA Welsh") alleging various civil rights violations pursuant to 42 U.S.C. § 1983 and several common law tort and contract claims under Pennsylvania law. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

Presently before the Court is Defendants Clarion County District Attorney and DA Welsh's (collectively "Clarion DA Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 29). The motion is fully briefed and ripe for disposition. (ECF Nos. 30, 34, 35, 37).

For the reasons that follow, Clarion DA Defendants' motion to dismiss is granted and all claims set forth in Plaintiff's Amended Complaint are dismissed with prejudice.

## II.     BACKGROUND

Plaintiff was a student at Clarion University in 2015 and was accused of sexually assaulting another female student in her dorm room. Plaintiff initiated this action and later amended his complaint. Plaintiff's Amended Complaint states in toto:

> On November 16, 2015, Clarion University demanded that I vacate University grounds pending a University Conduct Board Hearing to determine if I was in violation of the Students Rights, Regulations, and Procedures, barring me from being in class and on campus. This demand was delivered to me by Officer Shane White in letter form. Officer White attempted to interrogate me in my room with another unknown officer. Officer White began discussing a different alleged misconduct to which I presented a hand written letter as evidence to refute the allegation. Officer White confiscated the letter and never returned it or produced a copy for my records. Officer White then tried to intimidate me by standing close to me and backing me against my desk. I began to yell get out. White and his partner originally disregarded my request to leave but decided to do so as I repeatedly yelled get out. Several [c]riminal attorney's(sic) inquired about the letter but they were told no letter was in Clarion University Police possession. On November 23, 2015 Clarion University notified me of a hearing for disciplinary misconduct and the charges for sexual assault and related conducts scheduled for December 4, 2015. To prepare for the University Conduct Board (UCB) meeting I scoured the information given to me and forwarded all documents to my then attorney Andrew Stiffler. Stiffler agreed that video footage was a strong weapon.

> I emailed Matthew Shaffer and cc'd White on 12/03/2015 requesting the video footage for the date given by Clarion University. Shane White forwarded [the] email to District Attorney's office (See Email). After hearing no reply from White I urged Attorney Stiffler to call Shane White and inquire about the footage. Attorney Stiffler informed me that White refused to release footage without a subpoena. The investigation was still open and a subpoena cannot be filed without criminal charges being filed. Stiffler also relayed that White agreed to send a summons instead of a warrant for arrest if charges were filed. Attorney Stiffler was not informed by White that the surveillance system had a spoliation date. I call[ed] President Karen Whitney's Office to inform her that I am requesting important evidence for my UCB hearing and was being stonewalled. UCB meeting postponed by [C]larion. Charges were filed on 12/11/2015 and mailed to me. Criminal [p]rocess starts. I am informed by Stiffler all evidence will be turned over in discovery. Surveillance footage is not turned over. Subpoena deuces tec[u]m filed and denied. We proceed to trial and are found guilty. Assistant District Attorney Welsh makes statements to media defaming me. Public Defender Eric Spessard becomes my [a]ttorney. Appealed to criminal appellate and [n]ew [t]rial is granted. Proceeded to new trial and was found not guilty. Clarion [U]niversity refuses to hold UCB hearing.

Am. Compl. (ECF No. 26 at 4; ECF No. 26-1 at 2).

While not entirely set forth in the Amended Complaint, Plaintiff was initially tried on the sexual assault charge in 2016 and was convicted following a jury trial. Compl. (ECF No. 4) at ¶ 26. After an appeal, he was granted a new trial and in June 2019 Plaintiff was re-tried and on June 12, 2019, the jury returned a verdict of not guilty. (ECF No. 30-1 at 348-353).

Plaintiff sets forth the following causes of action: "Violation of Title IX of the Education Amendments"; "Violation of Due Process Procedural & Substantive"; "Breach of Contract / Promissory Estoppel"; "Malicious Prosecution / Negligence"; and "Defamation / False Arresst(sic) & Imprisionment(sic)". Am. Compl. (ECF No. 26 at 4). Plaintiff does not indicate in his Amended Complaint which Defendants he intends to assert each claim against, however, in his original Complaint, he asserts the following claims against the Clarion DA Defendants:

(1) Fourteenth Amendment procedural due process violation pursuant to 42 U.S.C. § 1983, Compl. (ECF No. 4) at ¶¶ 63-70);

(2) Fourteenth Amendment substantive due process violation pursuant to 42 U.S.C. § 1983, Compl. (ECF No. 4) at ¶¶ 63-70); and

(3) common law defamation claim under Pennsylvania law, Compl. (ECF No. 4) at ¶¶ 92-102.[2]

Given the leniency afforded to pro se litigants, the Court will construe Plaintiff's complaints as setting forth those claims against the Clarion DA Defendants.[3]

## III.   STANDARD OF REVIEW

### a. Pro Se Litigants

A pro se pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). As a result, a pro se complaint under § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004)

---

[2] While Plaintiff includes claims for false arrest, false imprisonment and malicious prosecution, he does not assert these claims directly against the Clarion DA Defendants and the Court will not construe Plaintiff as having done so.  To the extent that Plaintiff intended to assert those claims against Clarion DA Defendants, they are time-barred as set forth in this Court's prior decision. *See* Memo. Op. (ECF No. 40) at 8-10.

[3] While Plaintiff's original Complaint asserts a claim of negligence under Pennsylvania law against "all defendants," he explicitly alleges that claim is based on based upon Clarion University's student handbook to "ensure that its policies and procedures concerning sexual misconduct are fair and reasonable; . . . ensure that its policies and procedures concerning sexual misconduct are compliant with applicable federal/state law, namely but not limited to Title IX; . . . [t]o adequately train its admission, staff, employees, and representatives of such policies and procedures concerning sexual misconduct; and [t]o ensure that its administration, staff, employees, and representatives adhere to such policies and procedures." Compl. (ECF No. 4) at ¶ 88.  Because this conduct is not imputed to the Clarion DA Defendants, the Court will not construe Plaintiff's complaint as having asserted a negligence cause of action against Clarion DA Defendants.  To the extent that Plaintiff intended to assert such a claim against Clarion DA Defendants, those claims would be time-barred as set forth in this Court's prior decision. *See* Memo. Op. (ECF No. 40) at 15.

(citations omitted). While pro se litigants are afforded this leniency, they "do not have a right to general legal advice from judges," and "courts need not provide substantive legal advice to pro se litigants" because pro se litigants must be treated "the same as any other litigant." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

While 28 U.S.C. § 1915 authorizes litigants like Plaintiff to proceed *in forma pauperis*, such status is a privilege which may be denied when abused. After granting *in forma pauperis* status, the Court must dismiss any claims *sua sponte* if: "(i) the allegation of poverty is untrue; (ii) the action is frivolous or malicious; (iii) the complaint fails to state a claim upon which relief may be granted; or (iv) the complaint seeks money damages from a defendant who is immune from suit." 28 U.S.C. § 1915(e)(2).

    b. *Federal Rule of Civil Procedure 12(b)(6)*

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements."

*Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556). Yet the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Fed. R. Civ. P. 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556) (internal citations omitted).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id.* A defendant bears the burden of establishing that a plaintiff's

complaint fails to state a claim. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

As a general rule, if a court "consider[s] matters extraneous to the pleadings" on a motion for judgment on the pleadings, the motion must be converted into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents integral to or explicitly relied on in the complaint, even if they are not attached thereto, without converting the motion into one for summary judgment. *Mele v. Fed. Rsrv. Bank of New York*, 359 F.3d 251, 256 (3d Cir. 2004) n. 5 (3d Cir. 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## IV. DISCUSSION

While Clarion DA Defendants provide myriad meritorious arguments supporting dismissal of Plaintiff's claims, in the interest of judicial economy, the Court will only address the argument that supports dismissal of all claims against all parties - that Plaintiff's claims are barred by the applicable statutes of limitations that pertain to each claim.

    a. <u>Statute of Limitations</u>

While in general, a statute of limitations defense cannot be raised under Federal Rule of Civil Procedure 12 as it is not an enumerated defense under the rule, motions to dismiss based on the statute of limitations are permitted "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, 604 (3d Cir. 2017) (quoting *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). *See also PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 318 n.13 (3d Cir. 2021). Here, it is clear from the timeframe alleged in Plaintiff's original Complaint and

Amended Complaint that all his claims are time-barred.

### i. Section 1983 claims

Constitutional tort claims made pursuant to section 1983 are subject to the statute of limitations for tort claims in the state in which the claims are brought. For section 1983 claims brought in Pennsylvania, there is a two-year statute of limitations. *Lake v. Arnold*, 232 F.3d 360 (3d Cir. 2000). "The statute of limitations begins to run 'from the time the cause of action accrued,' which we have previously interpreted to mean when 'the first significant event necessary to make the claim suable' occurs." *Lake*, 232 F.3d at 366 (quoting *Ross v. Johns-Manville Corp.*, 766 F.2d 823, 826 (3d Cir. 1985)).

Plaintiff's pro se complaint and motion to proceed *in forma pauperis* was received and filed on June 14, 2021. "Although a complaint is not formally filed until the filing fee is paid, we deem a complaint to be constructively filed as of the date that the clerk received the complaint— as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed in forma pauperis." *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996). The Court thereafter granted Plaintiff's motion to proceed in forma pauperis and therefore Plaintiff commenced his action on June 14, 2021. While Plaintiff argues that he mailed his complaint on June 10, 2021 and alleges it was received on June 11, 2021 because it was signed for by an unknown individual and marked delivered by the United States Postal Service, the document was processed by the Clerk's Office and stamped "RECEIVED" and "FILED" on June 14, 2021. *See* (ECF Nos. 1 at 1; 1-1 at 1). The "prisoner mailbox rule", which deems a complaint filed when an incarcerated individual delivers the complaint to prison authorities to forward to the Clerk's Office for filing, does not apply to pro se non-incarcerated litigants like Plaintiff. *See Bond v. VisionQuest*, 410 F. App'x 510, 514 (3d Cir. 2011) (unpublished). Therefore, Plaintiff's complaint

was received and filed on June 14, 2021 when it was so marked by the Clerk's Office. *See Maier v. Bucks Cnty.*, No. CV 18-4060, 2019 WL 689206, at *1 (E.D. Pa. Feb. 19, 2019) (finding that a complaint is deemed filed for statute of limitations purposes on the date that it was docketed upon receipt by the Clerk's Office and not upon proof of mailing and despite plaintiff mailing the complaint prior to the expiration of the statute of limitations, the complaint was not received and docketed by the Clerk's Office until two days after the statute of limitations had expired and was therefore untimely). Plaintiff does not allege any basis for equitable tolling of the limitations period.

### 1. Fourteenth Amendment Due Process Violations under Section 1983 / *Brady* Violations

As for Plaintiff's section 1983 Fourteenth Amendment due process claims against the Clarion DA Defendants, he alleges that they failed to review and preserve evidence, including recorded footage for his defense and barred Plaintiff from presenting exonerating footage at trial to prove his alibi. Compl. (ECF No. 4) at ¶¶ 68-70. Specifically, Plaintiff alleges that "[o]n December 3, 2015, the District Attorney's Office was placed on notice by Clarion and the University Police, through its agent, Shane White that Plaintiff requested a copy of the recorded footage for his defense against the false allegations by Ms. Hosler. At that point, no charges were filed against Plaintiff and no effort was made by the District Attorney's Office to review and preserve the requested evidence." Compl. (ECF No. 4) at ¶ 68. In essence, Plaintiff is alleging a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) for suppressing evidence favorable to Plaintiff that was material to his guilt or punishment which is analyzed for statute of limitations accrual purposes as a malicious prosecution claim. *See Wright v. City of Philadelphia*, 229 F. Supp. 3d 322, 332 (E.D. Pa. 2017) (analogizing Plaintiff's withholding of evidence due process claim as a malicious prosecution claim for accrual purposes)

9

(collecting cases). Like a claim for malicious prosecution, a claim that exculpatory or impeachment evidence was withheld does not accrue until the underlying criminal charges are terminated in the section 1983 plaintiff's favor. *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 392 (4th Cir. 2014); *Johnson v. Dossey*, 515 F.3d 778, 781–82 (7th Cir. 2008); *Kelley v. Reyes*, No. 2:19-CV-17911 (WJM), 2020 WL 3567285, at *5 (D.N.J. July 1, 2020)(section 1983 claim for withholding of *Brady* evidence accrued when the conviction was vacated).

Here, Plaintiff was found not guilty of the underlying criminal charges on June 12, 2019 therefore he had to file his lawsuit by June 12, 2021. Because he did not file his complaint under June 14, 2021, his due process claims are time-barred and must be dismissed with prejudice as amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (leave to amend shall be granted under the in forma pauperis statute unless amendment would be inequitable or futile).

>  i. *Defamation under Pennsylvania law*

Pennsylvania codified a one-year statute of limitations for all claims sounding in defamation or invasion of privacy. 42 Pa. Cons.Stat. Ann. § 5523(1). While not set forth in the Amended Complaint, gleaning from Plaintiff's original Complaint, he intends to bring a defamation claim against all Defendants for allegedly making statements that Plaintiff was categorized as a sex offender and for having committed crimes related thereto. Compl. (ECF No. 4) at ¶ 97. Plaintiff does not specifically explain which Defendants called him a sex offender or who said he committed crimes. Nevertheless, Plaintiff's defamation claim is barred by the one-year statute of limitations.

The statute of limitations for any claim begins to run at the time the cause of action accrues and "the right to institute and maintain a lawsuit arises." *Fine v. Checcio*, 582 Pa. 253, 870 A.2d

850, 857 (2005) (citing 42 Pa. Cons. Stat. Ann. § 5502(a)). In a defamation lawsuit, "the cause of action accrues at the time the alleged defamatory remark is uttered." *Manning v. Flannery*, No. 2:10-CV-178, 2012 WL 1111188, at *12 (W.D. Pa. Mar. 31, 2012) (unpublished) (citations omitted). Plaintiff alleges that he was "labeled as a sex offender because of Defendants' wrongful actions against him." Compl. (ECF No. 4) at ¶ 70. Construing Plaintiff's complaint liberally and taking all reasonable inferences therefrom, it will be inferred that Plaintiff is complaining about being labeled a sex offender and having committed crimes following the institution of criminal charges against him on December 11, 2015. Therefore, any purported defamation claim based upon Plaintiff being labeled as a sex offender or having committed crimes must have been brought by December 11, 2016. *See Robinson v. County of Allegheny*, 404 Fed. Appx. 670, 674 (3d Cir. 2010) (unpublished) (rejecting section 1983 plaintiff's argument that a defamation claim alleging that plaintiff was a child abuser after a municipal agency filed a child abuse complaint against her was subject to the *Heck v. Humphrey*, 512 U.S. 477, 480, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) favorable termination rule, and holding that the defamation claim accrued when the child abuse complaint was filed by the agency). Because Plaintiff did not file his claim for defamation until June 14, 2021, his defamation claim is time-barred and is dismissed with prejudice as amendment would be futile. *Grayson*, 293 F.3d at 114.

## V. CONCLUSION

Based on the foregoing, Clarion DA Defendants' motion to dismiss is granted in its entirety. An appropriate Order follows.

DATED this 12th day of December, 2022.

BY THE COURT:

                                  <u>s/Cynthia Reed Eddy</u>
                                  United States Magistrate Judge