IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAROLD PALMORE,**<br><br>   **Plaintiff,**<br><br>V.<br><br>**CLARION UNIVERSITY OF PENNSYLVANIA, CLARION UNIVERSITY POLICE DEPARTMENT, CLARION COUNTY DISTRICT ATTORNEY, KAREN WHITNEY, Clarion University President, MATTHEW SHAFFER, Coordinator of Judicial Affairs and Residence Life, SHANE WHITE, Corporal of Clarion University Police Department, and DREW WELSH, Clarion County District Attorney, Defendants.** | Civil Action No. 3:21-cv-00106-CBB<br><br>MAGISTRATE JUDGE Christopher B. Brown<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

AND NOW COMES the Plaintiff Darold Palmore Pro se, who hereby respectfully submits his Motion to Amend complaint. Pursuant to Rule 15(C)(1)(c)(ii) of the Federal Rules of Civil Procedure, Plaintiff Darold Palmore, Pro-Se, respectfully moves this Court for leave to file an Amended Complaint in the above-captioned matter. In support of this Motion, Plaintiff states as follows:

**I.**     **PROCEDURAL HISTORY AND BACKGROUND**

Plaintiff initiated this action by filing a Complaint on June 14, 2021 against all Defendants Clarion University of Pennsylvania et al. The original Complaint alleges claims

including, but not limited to, Title IX, Due Process, Breach of Contract, Promissory Estoppel, Negligence, Defamation, False Arrest/False Imprisonment and Malicious Prosecution.

**II.                           BASIS FOR AMENDMENT**

Since filing the original Complaint, Plaintiff has Struggled to clarify facts and circumstances that necessitate the amendment of the Complaint to accurately reflect the full scope of Plaintiff's claims and the relief sought. The proposed Amended Complaint seeks to clarify existing claims/parties and clarify factual allegations.

**III.                          RULE 15(C) STANDARD**

Rule 15(C) of the Federal Rules of Civil Procedure provides that leave to amend a pleading shall be freely given when justice so requires. The Supreme Court has emphasized that this mandate is to be heeded. See Foman v. Davis, 371 U.S. 178, 182 (1962). In deciding whether to grant leave to amend, courts consider factors such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.

**IV.                          TIMELINESS AND GOOD FAITH**

Plaintiff has acted diligently and in good faith in seeking this amendment. The need to amend the Complaint was identified as soon as this Pro-Se Plaintiff became aware. This motion is being filed promptly thereafter. There has been no undue delay, bad faith, or dilatory motive on the part of the Plaintiff.

**V.                           NO PREJUDICE TO DEFENDANT**

Allowing the amendment will not unduly prejudice the Defendant. Discovery in this matter is not yet available, and Defendant will have ample opportunity to respond to the allegations set forth in the Amended Complaint. Moreover, the proposed amendments do not raise new issues that would require significant additional discovery or delay the proceedings.

## VI. JUSTICE REQUIRES AMENDMENT

Justice requires that Plaintiff be allowed to present all relevant facts and claims to ensure a fair and comprehensive adjudication of the dispute. The proposed amendments are necessary to fully address the issues in this case and to ensure that all aspects of Plaintiff's claims are properly before the Court.

## VII. PROPOSED AMENDED COMPLAINT

Plaintiff requests 30 days to complete the proposed amended complaint.

## VIII. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court grant leave to file the 2nd Amended Complaint and grant 30 days to complete complaint.

Respectfully submitted,

Darold Palmore

Johnstown, PA 15902

Email:DarPalm62@gmail.com